[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON RESPONDENT'S MOTION TO DISMISS
Petitioner is a sentenced inmate serving a 25 year sentence for violation of C.G.S §§ 53a-54c and is in the custody of the Commissioner of Corrections. On or about October 24, 1986 he was transferred to the New Hampshire State Prison in Concord, New Hampshire. Under C.G.S §§18-98a petitioner earned good time credits working in approved occupations thereby earning good time job credits. However, on February 24, 1994, the Commissioner of Corrections, through Administrative Directive 10.1, changed the criteria by requiring a prisoner to work seven days a week to earn job credits. In the New Hampshire prison system, petitioner alleges, most jobs are only six days a week, thus, making it impossible for the petitioner to comply with Directive 10.1. He has brought this habeas petition claiming that this regulation discriminates against him because it can be fulfilled by inmates confined in Connecticut where seven day jobs are available. The petitioner admits, as he should that he has no constitutional right to job credits but contends that this discriminatory application of the Directive violates his right to equal protection under the law in violation of the United States Constitutional Amendment XIV and the Connecticut Constitution Amendment XXI. Respondent contends that there was no discrimination because the petitioner was treated the same as all inmates who were employed in prison jobs including inmates serving their sentences in out of state prisons. This is, of course, a factual issue to be decided at trial.
However, assuming arguendo that petitioner's claim is factually valid, he may still not be entitled to relief. It is well settled law that discrimination by the government is not unconstitutional if it is CT Page 12409 reasonably related to a legitimate governmental interest, in this case a legitimate penological interest. This standard of review is also known as the "rational basis standard". If the classification [regulation] has some reasonable basis', it does not offend the Constitution simply because the classification [regulation] is not made with mathematical nicety or because in practice it results in some inequality." Emphasis added. United States Railroad Retirement Board v. Fritz, 449 U.S. 166
(1980).
"When a prison regulation impinges on prison inmates constitutional rights . . . the regulation is not subject to a strict-scrutiny standard of review, but is valid if it is reasonably related to legitimate penological interests . . . the factors relevant to determining the reasonableness of such a regulation are: (1) whether there is a valid, rational connection between the prison regulation and a legitimate and neutral governmental objective put forward to justify the regulation . . ." Turner et al v. Safley et al, 482 U.S. 78 (1987).[1]
The transfer of the petitioner to a New Hampshire prison just as the transfer to a Virginia prison of other inmates is to reduce overcrowding in Connecticut prisons. This is clearly a legitimate penological interest.
However, the penological interest of Directive 10.1 is not as clear. It is the petitioner's burden to prove that the Directive is unconstitutional beyond a reasonable doubt. This will require evidence as to its purpose.
The Court will give the petitioner an opportunity to produce such evidence as well as evidence that petitioner is being subjected to discrimination. The Motion to Dismiss is, therefore, premature, and accordingly at this time, it is denied.
Rittenband, JTR
Note: Please contact my clerk, Maria, at (860)548-2700 to schedule hearing on this motion.